UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                    Case No. 11-29836-EPK
                                                          Chapter 11
SUNNYLAND USA, INC.,

        Debtor.
_____/

**DEBTOR'S PLAN OF REORGANIZATION**

FURR AND COHEN, P.A.
Attorneys for Debtor
By: Robert C. Furr
By: Alvin S. Goldstein
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, Florida 33431
(561) 395-0500
(561)338-7532-fax
E-Mail: rfurr@furrcohen.com

## TABLE OF CONTENTS

ARTICLE I  Definitions ........................................................................................................ 1

ARTICLE II  Classification of Claims and Interests ........................................................ 4

ARTICLE III  Treatment of Claims and Interests Under the Plan ................................. 4

ARTICLE IV  Impairment .................................................................................................. 6

ARTICLE V  Means of Execution and Security for Payments ....................................... 6

ARTICLE VI  Executory Contracts ................................................................................... 7

ARTICLE VII  Effect of Confirmation .............................................................................. 8

ARTICLE VIII  Cram Down, Modification, Substantive Consolidation ....................... 9

ARTICLE IX  Retention of Jurisdiction ............................................................................ 9

ARTICLE X  Officers and Directors ................................................................................ 11

ARTICLE XI  Miscellaneous ............................................................................................. 11

## DEBTOR'S PLAN OF REORGANIZATION

## ARTICLE I

### Definitions

For the purposes of this Plan and to the extent not otherwise provided herein, the terms below shall have the respective meanings hereinafter set forth and, unless otherwise indicated, the singular shall include the plural and capitalized terms shall refer to the terms as defined in this Article and, any term used in the Plan which is not defined below, but which is used in the Bankruptcy Code, shall have the meaning assigned to it in the Bankruptcy Code.

1.1 "Administrative Claim" shall mean a Claim against the estate of the Debtor allowed by order of the Bankruptcy Court pursuant to section 503(b) of the Bankruptcy Code or incurred by the Debtor in its ordinary course of business from July 18, 2011 to the Confirmation Date and shall include all fees payable pursuant to section 1930 of title 28, United States Code.

1.2 "Allow", "Allowed", "Allowance" or words of similar meaning shall mean with respect to a Claim against the estate of the Debtor that no objection has been interposed within the applicable period of limitation fixed by this Plan or by the Bankruptcy Court and that such period of limitation has expired; or that the Claim has been allowed by an order of the Bankruptcy Court that is no longer subject to appeal or certiorari and as to which no appeal or certiorari is pending.

1.3 "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, title 11, United States Code, which governs the chapter 11 case of the Debtor.

1.4 "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of Florida having jurisdiction over the chapter 11 case of the Debtor or the United States District Court for the Southern District of Florida having jurisdiction over any part

or all of the chapter 11 case of the Debtor in respect of which the reference has been withdrawn pursuant to section 157(d) of title 28, United States Code.

1.5   "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court (including any applicable local rules of the United States District Court for the Southern District of Florida), as now in effect or hereafter amended.

1.6   "Business Day" shall mean a day other than a Saturday, Sunday or legal holiday.

1.7   "Claim" shall have the meaning provided for such term in section 101(5) of the Bankruptcy Code.

1.8   "Confirmation Date" shall mean the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

1.9   "Confirmation Order" shall mean a Final order of the Bankruptcy Court confirming the provisions of this Plan, pursuant to section 1129 of the Bankruptcy Code.

1.10   "Debtor" shall mean SUNNYLAND USA, INC., the debtor-in-possession in this Chapter 11 proceeding currently pending in the United States Bankruptcy Court for the Southern District of Florida.

1.11   "Disbursing Agent" shall mean the person appointed under the Plan to administer and disburse the cash payments to be made pursuant to paragraph 5.5 of the Plan. The Disbursing Agent shall be Furr and Cohen, P.A.

1.12   "Disputed Claim" means any Claim designated as disputed, contingent or unliquidated in the Debtor's Schedules filed in connection with the Chapter 11 case of the Debtor, or any claim against which an objection to the allowance thereof has been, or will be, interposed, and as to which no Final Order has been entered.

1.13 "Effective Date" means the 14th day following the Confirmation Date, and in the event that such date is not a Business Day, the next day thereafter.

1.14 "Insider" shall have the meaning ascribed to it in Section 101(31) of the Bankruptcy Code.

1.15 "Interest" means an equity security interest of the Debtor within the meaning of the Bankruptcy Code.

1.16 "New Common Interest" shall mean the new ownership interest in the reorganized Debtor authorized and issued under the Plan.

1.17 "Plan" shall mean this plan of reorganization in its entirety, together with all addenda, exhibits, schedules and other attachments hereto, in its present form or as it may be modified, amended or supplemented from time to time.

1.18 "Priority Claim" shall mean a Claim entitled to priority under section 507(a)(3)-(7) of the Bankruptcy Code.

1.19 "Priority Tax Claim" shall mean a Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

1.20 "Rejection Claim" shall mean a Claim arising under section 502(g) of the Bankruptcy Code from the rejection under section 365 of the Bankruptcy Code, or under this Plan, of an executory contract or unexpired lease of the Debtors that has not been assumed.

1.21 "United States Trustee" shall mean the Assistant United States Trustee for the Southern District of Florida.

## ARTICLE II

### Classification of Claims and Interests

2.1    An allowed Claim is part of a particular class only to the extent that the Allowed Claim qualifies within the definition of that Class and, is in a different Class to the extent that the remainder of the Claim qualifies within the description of a different Class.

## ARTICLE III

### Treatment of Claims and Interests Under the Plan

3.1    General.  All payments under this Plan shall commence fourteen days after confirmation.

3.2    Administrative Claims.  All Allowed Administrative Claims shall be paid:

(a)  in full on the Effective Date or, if such Claim is objected to, the Date of a Final Order allowing any such Administrative Claim;

OR

(b)  upon such other terms as may be agreed to between the Debtor and each such Administrative Claimant.

All case related payments for services, costs, and expenses will be subject to Court approval.  All payments shall be from the Debtor's cash from operations of the business or from continued cash infusions from the Debtor's parents and affiliates.

3.3    All fees due under 11 U.S.C. § 1129(a)(12) shall be paid as required by 28 U.S.C. § 1930.

3.4    Tax Claims.  - Allowed Tax Claims, evidenced by Proof of Claim No. 1 in the amount of $123,859.20, filed by the St. Lucie County Tax Collector, specified in 11 U.S.C.

—- 4 —-

Section 507(a)(8) shall receive deferred cash payments, over a period not exceeding five (5) years after the date of assessment of such tax, of a value, as of the Effective Date, equal to the allowed amount of such claim or such other payments that a particular holder may agree to accept on account of a particular claim with interest rate in effect per the Internal Revenue Code on date of confirmation.

3.5 Class 1. Class 1 is the secured claim of Seaboard Cold Storage, Inc. To the extent this claim is Allowed, it will be paid in full on the Effective Date. The Debtor anticipates objecting to the classification of this claim as Secured.

3.6 Class 2. Class 2 are the holders of Allowed General Unsecured Claims against the Debtor, excluding Insiders of the Debtor. As soon as practicable after the Effective Date, each Class 2 Claim against the Debtor shall receive a pro rata distribution of a payment from the $75,000 cash infusion to be made to the Debtor by its parent and affiliates for confirmation purposes.

3.7 Class 3. Class 3 are the Insiders of the Debtor holding Unsecured Claims. The holders of Class 3 Claims will not receive a distribution under the Plan. However, the holders of such claims will retain their claims against the Reorganized Debtor.

3.8 Class 4. Class 4 consists of all Interests in the Debtor. Upon the Effective Date of the Plan, the Debtor shall issue new common interest to LIBOZA N.V. for one hundred percent (100%) of the reorganized Debtor.

3.9 Payment of U.S. Trustee's Fees: Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), within fourteen (14) days of the entry of the order confirming this Plan, for pre-confirmation periods and simultaneously provide to the United

States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The Debtor, as a reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another Chapter under the United States Bankruptcy Code, and the reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicting all the cash disbursements from the relevant period.

3.10 Blank Ballots. Any Ballot not filed in accordance with the filing instructions on the Ballot pertaining to this Plan shall not be counted for voting purposes.

## ARTICLE IV

### Impairment

4.1 Claims in Classes 1, 2 and 3 are impaired under this Plan. Impaired classes will be treated as fully set forth in Article III above.

## ARTICLE V

### Means of Execution and Security for Payments

5.1 The distribution of cash required under the Plan, shall be made from available funds of the Debtor and by a capital infusion from the Debtor's parent and affiliate for confirmation purposes.

5.2  Upon the entry of the Confirmation Order, the Reorganized Debtor shall be vested with all of its property free and clear of all claims and interests of creditors, except as otherwise provided for herein.

5.3  After the entry of an Order of Confirmation, the Reorganized Debtor shall continue its business and manage its affairs without further supervision of the Court.

5.4  Robert C. Furr, Furr and Cohen, P.A., is named as the individual responsible for making the payments under the Plan. The payments shall be as provided in Article III.

5.5  Any checks mailed by the disbursing agent for the initial payment to a particular creditor which remains not cleared forty-five (45) days after mailing, shall constitute "unclaimed funds" which shall be come the Debtor's property.

## ARTICLE VI

### Executory Contracts

6.1  Any and all Executory Contracts and unexpired leases of the Debtor not expressly assumed herein, assumed prior to the Confirmation Date, or not at the Confirmation Date the subject of pending application to assume, shall be deemed to be rejected.

6.2  Debtor has present intentions to assume the following leases and executory contracts:

(i)     Contract for accounting and income tax services with Berger, Toombs, Elam, Gaines & Frank , 600 Citrus Av., #200, Fort Pierce, FL  34950;
(ii)    Contract to purchase Juice Extraction Machine Model OIC-500 with 2 sets of 5 cups;
(iii)   Integrated Pest Elimination Agreement dated 1/14/09 with Ecolab, PO Box 6007, Grand Forks, ND  58206-6007;
(iv)    Sub-Lease for JBT Juice Extractor through 6/30/11 with Florida Dept. of Agriculture & Consumer Services, PO Box 1072, Winter Haven, FL  33882-1072;

    (v) Contract to purchase Full Automatic 2 Carton Box Makers, Pallet Wrapper and Conveyers, dated 3/1/11, with Hangzhou Youngsun Machinery Co., Ltd., No. 2 Xiyuan 7 Rd., West Lake Sci. & Tech. Dev. Area, Hangzhou, China;

    (vi) Contract for bulk storage system with Matheson Tri-Gas, Inc., 6225 N. State Hwy. 161 #200, Irving, TX 75038;

    (vii) Contract to purchase Robot Palletizer System with Shanghai Triowin Tech Co. Ltd., No. 289 Hengxi Rd Pudong, Shanghai, P.R. of China 20114; and

    (viii) Sales contract for PP/PE Bottle Blowing Production Line with Air Compressor, Mixer, Crusher and Chiller, dated 8/31/10 with Zhejiang Demark Machinery Co., Ltd., 26# Chaoyuan Rd., Western Industrial Area, Huangyan, Zhejiang, China.

   6.3 Any claims for rejected contracts shall be paid in Class 3 upon determination by agreement or by the Court.

## ARTICLE VII

### Effect of Confirmation

   7.1 Discharge - Except as otherwise provided in this Plan, Confirmation of the Plan and full compliance and performance with the Plan, shall be deemed to have discharged the Debtor from any Claim that arose on or prior to the Confirmation Date, and any Claim of a kind specified in Section 502(g), (h) or (i) of the Bankruptcy Code, whether or not:

    (a) a Proof of the Claim is filed or deemed to be filed under Sections 501 and 1111(a) of the Bankruptcy Code;

    (b) such Claim is allowed under Section 502 of the Bankruptcy Code; or

    (c) the holder of such Claim has accepted the Plan.

   The payments to be made by Debtor pursuant to this Plan shall be in full settlement and satisfaction of all Claims against Debtor.

## ARTICLE VIII

## Cram Down, Modification, Substantive Consolidation

### UTILIZATION OF CRAM DOWN

If all of the applicable provisions of 11 U.S.C. §1129(a) other than paragraph (8), are found to have been met with respect to the Plan, the Debtor may seek confirmation pursuant to 11 U.S.C. §1129(b). For the purposes of seeking confirmation under the cram-down provisions of the Code, should that alternative means of confirmation prove to be necessary, Debtor reserves the right to modify or vary the treatment of the claims of the rejecting Classes so as to comply with Section 1129(b) of the Code.

### MODIFICATION OF PLAN

The Debtor may propose amendments to or modifications of this Plan at any time prior to confirmation with the leave of Court upon notice to parties entitled to receive the same. After confirmation, The Debtor may, with the approval of this Court, and so long as it does not materially adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation, in such a manner as is necessary to carry out the purposes and effect of this Plan.

## ARTICLE IX

## Retention of Jurisdiction

9.1 From and after entry of the Confirmation Order, the Bankruptcy Court shall retain such jurisdiction as is legally permissible over the reorganization case for the following purposes:

(a) to hear and determine any and all objections to the allowance of any Claim or any controversy as to the classification of Claims;

(b) to hear and determine any and all applications for compensation and reimbursement of expenses to professionals as well as to hear and determine claims entitled to priority under Section 507(a)(1) of Title 11;

(c) to enable the Debtor to prosecute any and all proceedings which may be brought to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which the Debtor may be entitled under applicable provision of the Bankruptcy Code or any other Federal, State or local laws; including causes of action, controversies, disputes, and conflicts between the Debtor and any other party, including but not limited to any causes of action for objections to claims, preferences or fraudulent transfers and obligations or equitable subordination; and to enter any Order assuring that good, sufficient and marketable legal title is conveyed to the purchaser of the Debtor's property.

(d) to consider any necessary valuation issues under Section 506 of the Code, and any proceeding to determine the amount, validity and priority of liens, in connection with the Debtor's property.

(e) to determine the rights of any party in respect of the assumption or rejection of any executory contracts or unexpired leases.

(f) to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan.

(g) to modify this Plan after Confirmation, pursuant to the Code.

(h) to enforce and interpret the terms and conditions of this Plan.

      (i) to enter Orders to enforce the title, rights and power of the Estate as the Court may deem necessary.

      (j) to enter Orders concluding and closing this case.

## ARTICLE X

### Officers and Directors

|  |  | Salary |
|---|---|---|
| President: | Abbasgholi Bayat | $0.00 per year |
| Director: | Victor Melone | $0.00 per year |
| Director: | Jan Nouwen | $0.00 per year |

## ARTICLE XI

### Miscellaneous

      11.1   Headings.   Headings are utilized in this Plan for the convenience of reference only, and shall not constitute a part of this Plan for any other purpose.

      11.2   Defects, Omissions and Amendments.   This Plan may be altered, amended or modified by Debtor before or after the Confirmation Date as provided in Section 1127 of the Bankruptcy Code.

      11.3   Governing Law.   Except to the extent that the Bankruptcy Code is applicable, all rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida.

      11.4   Severability.   Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan.

11.5    Regulatory Approval.    No regulatory approval is necessary for the confirmation of this Plan.

DATED: November 15, 2011.

SUNNYLAND USA, INC.

By: _____
Abbasgholi Bayat, President
3499 S Federal Highway
Fort Pierce, Florida 34982

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

FURR AND COHEN, P.A.
Attorneys for Debtor
2255 Glades Road
One Boca Place, Suite 337W
Boca Raton, FL 33431
(561) 395-0500
(561) 338-7532 fax

By _____
ROBERT C. FURR
Florida Bar No. 210854
E-mail: rfurr@furrcohen.com
ALVIN S. GOLDSTEIN
Florida Bar No. 993621
E-mail: agoldstein@furrcohen.com